UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANTONIO CANTU, SR.,
          *Petitioner,*
     v.

INDIANA PAROLE BOARD,
          *Respondent.*

No. 2:19-cv-608-JPH-MJD

## RETURN TO ORDER TO SHOW CAUSE

Respondent Indiana Parole Board respectfully requests this Court to deny

Antonio Cantu's petition for a writ of habeas corpus because his claims are

procedurally defaulted. They are also not cognizable.

## JURISDICTION

Cantu, identified by Indiana Department of Correction Number 190824 and

Bureau of Prisons Register Number 07448-027, is in custody at the United States

Penitentiary in Terre Haute, serving a 178-month sentence for his 2011 conviction

for bank robbery. Respondent lodged a detainer with the federal prison based on a

parole violation warrant from Cantu's 2008 robbery conviction in Lake County,

Indiana. Cantu attempts to challenge the warrant and detainer under 28 U.S.C. §

2241.

## EXHAUSTION

Cantu's claim is exhausted to the extent that his time to appeal the trial

court's order denying his motion to adjudicate the parole violation warrant has

expired, and he cannot pursue state post-conviction relief until after his parole is revoked.[1]

## STATEMENT OF THE FACTS

On October 3, 2008, Cantu pled guilty to Class B felony robbery and was sentenced to six years in the Indiana Department of Correction in cause number 45G03-0702-FB-104 (Ex. A at 7). He was released to parole on March 27, 2010. Brief/Memorandum in Support of Return to Order to Show Cause, *Cantu v. Hill*, No. 2:17-cv-285 (June 15, 2017), ECF No. 19-2 at 4. On March 10, 2011, Respondent issued a parole violation warrant, alleging that Cantu failed to report as instructed and failed to follow his agent's instructions. *Id.* at 5–7. Respondent amended the warrant on March 17, 2011, to allege that Cantu had engaged in criminal conduct by robbing a bank. *Id.* at 10. Cantu pled guilty to bank robbery in cause number 3:11-cr-40 and was sentenced to 178 months on September 28, 2011. Sentencing, *United States v. Cantu*, No. 3:11-cr-40 (Sept. 28, 2011), ECF No. 37.[2] Respondent lodged a detainer for Cantu with the federal prison. Brief/Memorandum in Support of Return to Order to Show Cause, *Cantu v. Hill*, No. 2:17-cv-285 (Sept. 6, 2017), ECF No. 19-3.

On June 15, 2017, Cantu filed a petition for a writ of habeas corpus in this

---

[1] Because Cantu's claims are not entirely clear, it is possible that other avenues for relief are available and would need to be pursued before his claims were exhausted.

[2] In an unrelated case from 2012, Cantu was sentenced to 15 years in the Indiana Department of Correction after pleading guilty to sexual misconduct with a minor in cause number 45G03-1104-FB-34 (Ex. B at 4). He is serving that sentence concurrently with his federal sentence (Ex. B at 4).

Court to challenge the revocation of his parole. Pet. for Writ of Habeas Corpus, *Cantu v. Hill*, No. 2:17-cv-285 (June 15, 2017), ECF No. 1. The Court dismissed Cantu's petition on May 3, 2018. Entry Dismissing Pet. for Writ of Habeas Corpus, *Cantu v. Hill*, No. 2:17-cv-285 (May 3, 2018), ECF No. 26. The Court concluded that Cantu's parole had not been revoked, so the issue was "not ripe for adjudication." *Id.* at 2–3. The Court dismissed Cantu's petition "without prejudice to his right to file a new petition after presenting his claims in one complete round of state review." *Id.* at 3. The Court noted that Cantu could potentially challenge his parole in a state petition for post-conviction relief or in a state petition for a writ of habeas corpus. *Id.* at 3 n.1.

On January 3, 2019, Cantu filed "Motion[s] to Adjudicate" in each of his state cases (Exs. A at 11, B at 6, C, E).[3] He asked the trial court "to have this [parole violation] 'warrant' recalled, quashed, or run concurrent, with these [two] new sentences I'm serving in state and federal" (Exs. C at 1, E at 1) (capitalization corrected). He did not allege any defect in the warrant (*see* Exs. C, E). The court denied the motions, stating that Cantu "must address this matter with the Indiana Parole Board" (Exs. D, F). Cantu did not appeal.

On December 16, 2019, Cantu filed another petition for a writ of habeas in this Court, this time to challenge the parole violation warrant and detainer (ECF No. 1). The Court ordered Respondent to move to dismiss Cantu's petition by April 10, 2020, or to respond to it by May 6, 2020 (ECF No. 6).

---

[3] His motions appear to be identical.

3

## ARGUMENT

### I.
### The Court should deny Cantu's petition because his claims are procedurally defaulted.

Cantu's petition is properly evaluated under 28 U.S.C. § 2241. Cantu cannot

obtain a writ of habeas corpus under 28 U.S.C. § 2254 because he is not in custody

pursuant to the judgment of a state court (in the case that he attempts to

challenge). *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Respondent,

not a state court, issued a parole violation warrant, which resulted in Cantu's

detainer. His only option for relief is 28 U.S.C. § 2241(c)(3), which is available if his

custody[4] violates "the Constitution or laws or treaties of the United States." *See*

*United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991).

As a matter of comity, however, Cantu still must exhaust his state-court

remedies before coming to federal court. *See Braden*, 410 U.S. at 489–92; *Castor*,

937 F.2d at 296–97. The exhaustion doctrine requires him to "'fairly present' his

claim[s] in each appropriate state court (including a state supreme court with

powers of discretionary review), thereby alerting that court to the federal nature of

the claim[s]." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). In

Indiana, that means presenting his argument in a petition to transfer to the

Indiana Supreme Court. *See Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001).

---

[4] Cantu meets the custody requirement. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488–89 (1973).

He had to present to the state court "both the operative facts and controlling law."

*Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v.*

*Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)). "A mere 'passing reference' to a

constitutional issue certainly does not suffice." *Chambers v. McCaughtry*, 264 F.3d

732, 738 (7th Cir. 2001) (citing *Fortini v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001)).

Cantu did not fairly present any federal claims in state court, and his time

for doing so has elapsed. He did not raise any federal claims in the trial court (*see*

Exs. C, E). He only requested that his parole violation warrant be "recalled,

quashed, or run concurrent" without identifying a defect in the warrant (Exs. C at 1,

E at 1). And then he did not raise any claims at all, federal or state, in the Indiana

Court of Appeals or Supreme Court because he did not appeal after the trial court

denied his "Motion[s] to Adjudicate." He did not fairly present his claims in state

court, so they are procedurally defaulted and unavailable for habeas relief.

## II.
### Cantu's claims are not cognizable.

Even if Cantu had preserved his claims, they could not entitle him to a writ

of habeas corpus. Habeas relief is only available if his custody violates "the

Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). He does

not claim that it does. His detainer is based on the parole violation warrant, and he

does not allege any federal deficiencies in the warrant. Any challenge to the means

that Respondent used to obtain the warrant is a question of state law. *See* Ind. Code

§ 11-13-3-8. Questions of state law are out of bounds in federal court. *See Estelle v.*

*McGuire*, 502 U.S. 62, 67–68 (1991); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016).

Cantu's primary concern appears to be that his detainer limits his access to programs in federal prison. He wants to dismiss the detainer without resolving the warrant or facing the allegations that he violated parole. But the Indiana Parole Board has no authority over the Federal Bureau of Prisons' program restrictions. Respondent is the wrong party to address those complaints. Cantu's claims are not cognizable, so he would not be entitled to habeas relief even if they were not procedurally defaulted.

## CONCLUSION

The Court should deny Cantu's petition for a writ of habeas corpus.

Respectfully submitted,

CURTIS T. HILL, JR.
Attorney General
Attorney No. 13999-20

By: /s/ Jesse R. Drum
   Jesse R. Drum
   Supervising Deputy Attorney General
   Attorney No. 31283-53

   OFFICE OF THE ATTORNEY GENERAL
   Indiana Government Center South
   302 West Washington Street, Fifth Floor
   Indianapolis, Indiana 46204-2770
   317-234-7018 (telephone)
   Jesse.Drum@atg.in.gov

   *Attorneys for Appellee*

**EXHIBITS TO RESPONDENT'S RETURN TO ORDER TO SHOW CAUSE**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent submits the following as Exhibits to his Return to Order to Show Cause filed in this case:

Exhibit A:   Chronological Case Summary, *State v. Cantu*,
No. 45G03-0712-FB-104;

Exhibit B:   Chronological Case Summary, *State v. Cantu*, No. 45G03-1104-FB-34;

Exhibit C:   Motion to Adjudicate, *State v. Cantu*, No. 45G03-0712-FB-104;

Exhibit D:   Order, *State v. Cantu*, No. 45G03-0712-FB-104;

Exhibit E:   Motion to Adjudicate, *State v. Cantu*, No. 45G03-1104-FB-34; and

Exhibit F:   Order, *State v. Cantu*, No. 45G03-1104-FB-34.

**CERTIFICATE OF SERVICE**

       I certify that I have electronically filed the foregoing document. I also certify that on April 10, 2020, I served the foregoing document upon the following person by first-class U.S. Mail, postage prepaid:

Antonio Cantu, Sr.
07448-027
Terre Haute-USP
P.O. Box 33
Terre Haute, Indiana 47808

/s/ Jesse R. Drum
Jesse R. Drum

8