UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO CANTU, SR., | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 2:19-cv-00608-JPH-MJD |
| INDIANA PAROLE BOARD, *et al.* | ) ) ) |
| Respondents. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Antonio Cantu, Sr., an inmate in the Federal Bureau of Prisons, filed this 28 U.S.C. § 2241 petition challenging a detainer for Indiana state parole violation number PV-11-0750. The respondent has answered the petition, arguing that it should be denied because Mr. Cantu's claim is procedurally defaulted and not cognizable on habeas review. Dkt. 9. Mr. Cantu has filed a reply. For the reasons below, Mr. Cantu's petition is **DENIED**.

**I. Background**

Mr. Cantu was convicted of robbery in Indiana in October 2008 and released on parole in March 2010. On March 9, 2011, while on parole for the 2008 robbery conviction, Mr. Cantu robbed a bank in Michigan City, Indiana. As a result, he was charged and pled guilty to bank robbery in federal court. *See United States v. Cantu*, 3:11-cr-00040-RLM (N.D. Ind.), dkt. 9 (indictment) and dkt. 38 (sentencing memorandum).

Meanwhile, in March 2011, the Indiana Parole Board issued a parole violation warrant alleging that Mr. Cantu failed to report, failed to follow his agent's instructions, and engaged in criminal conduct—namely bank robbery. In February 2014, the Indiana Parole Board lodged a detainer for Mr. Cantu with the United States Penitentiary in Tucson, Arizona, where Mr. Cantu

1

was in custody. *Cantu v. Hill*, 2:17-cv-00285 (S.D. Ind.), dkt. 19-3 (detainer request and confirmation).

Mr. Cantu filed a habeas corpus petition challenging the detainer in this Court in 2017. *Cantu v. Hill*, 2:17-cv-00285 (S.D. Ind.). That petition was dismissed as premature.

Mr. Cantu has also attempted to challenge the detainer in state court, filing at least two "motion[s] to adjudicate." Dkt. 9-3; dkt. 9-5. The state trial court denied both motions, informing Mr. Cantu that he "must address this matter with the Indiana Parole Board." Dkt. 9-3; dkt. 9-6. But Mr. Cantu asserts he has "filed motion and over 50 letters with the Indiana Parole [Board] and were all denied." Dkt. 11 at 2.

In December 2019, Mr. Cantu filed a petition for a writ of habeas corpus in this Court, dkt. 1, and he has since filed an amended petition, dkt. 4. The amended petition alleges that the Indiana Parole Board's detainer violates the ex post facto clause because it reduces his eligibility for federal programs and potential good conduct credits. He acknowledges the parole violation and seeks an order directing the Indiana Parole Board to adjudicate his parole violation now instead of waiting until his federal sentence is served. *Id.* at 22−23, 28.

## II. Discussion

### A. Custody and Proper Respondent

As the respondent rightly notes, dkt. 9 at 4, Mr. Cantu is not challenging any custody pursuant to the judgment of a state court. Accordingly, this petition is properly brought under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

The Indiana Parole Board, a state executive agency, has lodged the detainer Mr. Cantu challenges in this action. Accordingly, the Indiana Parole Board is the only proper respondent.

### B. Procedural Default

When a prisoner brings a habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal court cannot grant relief unless

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). A prisoner seeking relief under § 2241 is not subject to § 2254's exhaustion requirement, but federal courts still may require exhaustion as a matter of comity. *United States v. Castor*, 937 F.2d 293, 296−97 (7th Cir. 1991); *see Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (requiring exhaustion for § 2241 petition). To exhaust a claim for habeas review, a petitioner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

If a petitioner brings a claim in a federal habeas petition before fairly presenting it under *Boerckel*, and if it is too late to bring the claim in state court, the claim is defaulted. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). The respondent bears the burden of showing that a claim is procedurally defaulted on this basis. *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006).

The respondent argues that Mr. Cantu has procedurally defaulted his claims by failing to present them through one complete round of review in Indiana state court. Dkt. 9 at 4−5. But the respondent has not shown what, if any, state corrective processes were available to Mr. Cantu. The respondent asserts that Mr. Cantu cannot file a post-conviction petition unless and until the Indiana Parole Board revokes his parole. Dkt. 9 at 1−2. But Mr. Cantu's claim is that the Indiana Parole Board's failure to revoke his parole is unlawfully extending his federal custody. If Mr. Cantu

3

cannot pursue a remedy until precisely when his claim becomes moot, the remedy is not available in any meaningful sense of the word.

The respondent notes that Mr. Cantu did not raise any federal claim in his "motion[s] to adjudicate" the parole violation in state court. Dkt. 9 at 4−5. But it is far from clear that a motion to adjudicate is an available state corrective process. The state court didn't think so; it directed Mr. Cantu to take the issue up with the Indiana Parole Board. Dkt. 9-4; dkt. 9-6. The respondent does not argue that Mr. Cantu failed to exhaust that process. *Cf.* dkt. 11 at 2 (Mr. Cantu asserting that he "filed motion and over 50 letters with the Indiana Parole [Board] and were all denied").

Finally, the respondent notes, "Because Cantu's claim is not entirely clear, it is possible that other avenues for relief are available and would need to be pursued before his claim were exhausted." Dkt. 9 at 2 n.1. But it is the respondent's burden to show which avenues for relief were available. *Grigsby*, 456 F.3d at 732. The respondent has failed to meet that burden, so Mr. Cantu's claim is not procedurally defaulted.

### C. Ex Post Facto[1]

The Constitution prohibits states from "pass[ing] any . . . ex post facto law." Art. 1, § 10. The "ex post facto clause bars a retroactive law if it creates a significant risk of a higher sentence." *Cross v. United States*, 892 F.3d 288, 304−05 (7th Cir. 2018) (cleaned up).

Mr. Cantu alleges that the Indiana Parole Board's detainer effectively increased his federal sentence for bank robbery. Dkt. 4 at 2−5. But the Indiana Parole Board merely applied existing law. *See* 220 Ind. Adm. Code § 1.1-2-5(b) ("When a parolee is convicted of a crime in another jurisdiction, the board shall determine whether a parole violation warrant is to be issued and filed

---

[1] The respondent asserts that Mr. Cantu does not raise any federal constitutional claims. In light of Mr. Cantu's repeated citation to the ex post facto clause of Article 1, Section 10, the respondent's assertion is not well taken. Dkt. 4 at 2−5.

as a detainer in the other jurisdiction."). Moreover, Mr. Cantu has no other constitutional right to a prompt adjudication of his parole revocation warrant. *Moody v. Daggett*, 429 U.S. 78, 89 (1976) ("[The petitioner] has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant."). Accordingly, Mr. Cantu's § 2241 petition is **DENIED**.

Because Mr. Cantu challenges only an executive detainer, not any custody imposed by a state court, the Court need not decide whether he is entitled to a certificate of appealability. *See*, *e.g.*, *Walker*, 216 F.3d at 637−38.

### III. Motion for Appointment of Counsel

Mr. Cantu has moved for counsel. The Court may appoint counsel for a § 2241 petition when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (applying the "interests of justice" standard); *cf. Martel v. Clair*, 565 U.S. 648, 663 (2012) (same, noting that the standard "contemplates a peculiarly context-specific inquiry"). A decision not to appoint counsel evidences an abuse of discretion only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281. Mr. Cantu has shown the ability to articulate and argue in support of his claim, but he has no reasonable chance of success, even with the assistance of counsel. His motion for appointment of counsel, dkt. [10], is therefore **DENIED**.

### IV. Motion to Seal

In March 2020, Mr. Cantu filed a motion to seal this case. Dkt. 8. He also filed under seal his amended petition and a motion for leave to proceed *in forma pauperis*. Dkts. 4 and 5.

"To seal a case, a party must file a motion requesting that the court seal the case with a proposed order at or before the time the party files its initial pleading." S.D. Ind. L.R. 5-11(a). Mr. Cantu filed his motion to seal more than three months after filing his initial pleading. Moreover, he has not shown good cause to maintain the case under seal. S.D. Ind. L.R. 5-11(e)(2). Accordingly, his motion to seal, dkt. [8], is **DENIED**.

As for the sealed individual filings, "[t]he clerk may not maintain under seal any document unless authorized to do so by statute, rule, or court order." S.D. Ind. L.R. 5-11(b). And "[u]nless the sealed filing is authorized by statute, rule, or prior court order," any sealed filing must be accompanied by a motion demonstrating good cause to maintain the document under seal. S.D. Ind. L.R. 5-11(d)(2)(A), (e)(2). Again, Mr. Cantu has failed to comply. Accordingly, **21 days after entry of this Order, the clerk is directed** to unseal docket entries 4 and 5. S.D. Ind. L.R. 5-11(g).

### V. Conclusion

The **clerk is directed** to terminate Curtis Hill, Jr., and the Indiana Department of Correction as respondents in this action. Mr. Cantu's motion to appoint counsel, dkt. [10], is **DENIED**. Mr. Cantu's motion to maintain this case under seal, dkt. [8], is **DENIED**, and **21 days after entry of this Order, the clerk is directed** to unseal docket entries 4 and 5.

Finally, Mr. Cantu's petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED.**

Date: 5/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO CANTU, SR.
07448-027
TERRE HAUTE – USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov